IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CLARA FINCH CRUZ, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:18-cv-2483-JPM-tmp |
| | ) | |
| | ) | |
| ROBERT L. WILKIE, Secretary | ) | |
| U.S. Department of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Comes now Defendant, by and through the United States Attorney for the Western District of Tennessee Western Division and responds to Plaintiff's Complaint as follows:

## PARTIES

1.      In response to the first sentence of Plaintiff's Complaint in the section regarding the parties, Defendant is without knowledge or information sufficient to form a belief as to where Plaintiff resides.

2.      Defendant admits the averments in paragraph 2.

## NATURE OF THE COMPLAINT

3.      No response is needed to paragraph 3.

4.      Defendant admits Plaintiff filed a complaint with ORM on May 11, 2017 raising issues that included discrimination based on race, national origin, sex, disability, and reprisal, but denies that she raised the issue of Privacy Act Violations in that complaint.

5.      Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff received the Final Agency Decision ("FAD").

6.      Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff brought her Complaint within 90 days of the receipt of the FAD.

7.      Defendant denies the allegations in paragraph 7.

## JURISDICTION AND VENUE

8.      Defendant admits the averment in paragraph 8.

9.      The ninth paragraph of Plaintiff's Complaint is Plaintiff's jurisdictional statement to which no answer is required.

10.     The tenth paragraph of the Complaint consists of Plaintiff's recitation concerning the appropriate venue for this action to which no answer is required. To the extent that an answer is deemed required, Defendant admits venue in this court is proper.

11.     Defendant admits that Plaintiff is a woman who began working for the United States Department of Veterans Affairs in 2005, but Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff is Hispanic and from Puerto Rico.

12.     Defendant admits the allegations in paragraph 12.

13.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 13.

14.      Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 14.

15.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 15.

16.     Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff knew and accordingly denies the allegations in paragraph 16.

17.    Defendant admits there was an acting Chief of Pathology in place prior to Plaintiff taking the position.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 17.

18.    Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's awareness.

19.    Defendant is without knowledge or information sufficient to form a belief as to what was discussed between Plaintiff and Dr. Marino because Dr. Marino is no longer employed with the Defendant, and accordingly Defendant denies the allegations in paragraph 19.

20.    Defendant admits the allegations in paragraph 20.

21.    Defendant admits the allegations paragraph 21.

22.    Defendant admits the allegations in paragraph 22.

23.    Defendant admits the allegations in paragraph 23.

24.    Defendant admits the allegations in paragraph 24.

25.    Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff came to realize and accordingly denies the allegations in paragraph 25.

26.    Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 26.

27.    Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff found.

28.    Defendant denies the allegations in paragraph 28.

29.    Defendant denies the allegations in paragraph 29.

30.    Defendant admits that Plaintiff submitted hire requisitions during her tenure as Chief of PLMS.  Defendant denies the remaining allegations in paragraph 30.

31.     Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff discovered and did as a result and accordingly denies the allegations in paragraph 31.

32.     Defendant denies the allegations in paragraph 32.

33.     Plaintiff's allegation that the service was at 40% vacancy "at one point" is too vague to answer and accordingly, Defendant denies this allegation.

34.     Defendant denies the allegations in paragraph 34.

35.     Defendant denies the allegations in paragraph 35.

36.     Plaintiff's allegation that she met with her Chief to set annual goals for her performance evaluation and pay for performance bonuses is too vague to answer because Plaintiff failed to specify when this occurred, except Defendant admits that such meetings are a standard practice at VAMC Memphis.

37.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 37.

38.     Defendant denies the allegations in paragraph 38.

39.     Defendant denies the allegations in paragraph 39.

40.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 40.

41.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 41 because Dr. Marino is no longer employed with Defendant.

42.     Defendant admits the allegations in paragraph 42.

43.     Defendant denies the allegations in paragraph 43.

44.     Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff discovered in 2013 and accordingly denies the allegation in paragraph 44.

45.     Defendant admits the allegations in paragraph 45.

46.     Defendant admits that the Memphis Pathology and Laboratory Medicine Service was ranked 21/31 of 1A facilities in fiscal year 2016 and Memphis was ranked higher than the VAMC Tennessee Valley Healthcare System, but is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 46 and accordingly denies them.

47.     Defendant denies the allegations in paragraph 47 except Defendant admits that Plaintiff was scheduled for leave that began on September 21, 2016 (not 2017).

48.     Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff was diagnosed with and what she told Dr. Marino and accordingly denies the allegations in paragraph 48.

49.     Defendant admits that Plaintiff was on leave off and on for short periods of time between September 2016 and January 9, 2017 but is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 49.

50.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 50.

51.     Defendant denies the allegations in paragraph 51.

52.     Defendant admits that Plaintiff was on authorized absence leave in December 2016 to attend a work-related event, but Defendant is without knowledge of information sufficient to form a belief as to whether Plaintiff "represented the VA Memphis in Murfreesboro, TN" during that time and accordingly denies the remaining allegation in paragraph 52.

53.     Defendant denies the allegations in paragraph 53.

54.     Defendant admits the allegation in paragraph 54.

55.     Defendant admits the allegations in paragraph 55.

56.     Defendant denies the allegations in paragraph 56 except Defendant admits Plaintiff advised Dr. Ferguson that she had breast cancer and advised she would use leave for medical appointments.

57.     Defendant denies the allegations in paragraph 57.

58.     Defendant denies the allegations in paragraph 58.

59.     Defendant denies the allegations in paragraph 59 except that Defendant admits Dr. Ferguson mentioned his mother in a discussion with Plaintiff.

60.     In response to paragraph 60, Defendant admits that there is a transcript of the AIB testimony and that the transcript speaks for itself.

61.     Defendant denies the allegations in paragraph 61.

62.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 62.

63.     Defendant denies the allegations in paragraph 63.

64.     Defendant admits that Plaintiff requested to take leave from time-to-time, but denies the remaining allegations in paragraph 64.

65.     Defendant denies the allegation in paragraph 65.

66.     Defendant denies the allegation in paragraph 66.

67.     Defendant denies the allegation in paragraph 67.

68.     Defendant admits that Dr. Ferguson showed Plaintiff a letter from the Tumor Board, but Defendant is without knowledge or information sufficient to form a belief as to the race

of all members of the Tumor Board and therefore denies the remaining allegations in paragraph 68.

69.     Defendant denies the allegations in paragraph 69.

70.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 70.

71.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 71.

72.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 72.

73.     Defendant denies the allegations in paragraph 73.

74.     Defendant denies the allegations in paragraph 74.

75.     Defendant admits that Dr. Ferguson sent an email to Plaintiff asking what her preference was between taking FMLA leave, a compressed schedule, etc., and Defendant denies the remaining allegations in paragraph 75.

76.     Defendant admits that Plaintiff sent a memorandum to Dr. Ferguson, and Defendant denies the remaining allegations in paragraph 76.

77.     Defendant admits the allegations in paragraph 77.

78.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 78.

79.     Defendant is without knowledge or information sufficient to form a belief as to the exact date the memo was presented to Dr. Finch Cruz, but Defendant admits the remaining allegations in paragraph 79.

80.     Defendant denies the allegation that the Agency's memorandum set forth vague allegations.  Defendant admits the remaining allegations in paragraph 80.

81.     Defendant admits Plaintiff's attorney contacted the Memphis VA requesting information.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 81.

82.     Defendant admits the allegation in paragraph 82.

83.     Defendant admits the allegation in paragraph 83.

84.     Defendant admits that the memorandum noted Plaintiff's pay would not change, and denies the remaining allegations of paragraph 84.

85.     Defendant denies the allegations in paragraph 85.

86.     Defendant admits the allegations in paragraph 86.

87.     Defendant admits the allegations in paragraph 87.

88.     Defendant admits the allegations in paragraph 88.

89.     Defendant admits the allegations in paragraph 89.

90.     Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 90.

91.     Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 91.

92.     Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 92.

93.     Defendant admits that the facility submitted over 120 questions to be answered by Plaintiff, however Defendant is without information or information sufficient to form a belief as to the allegations of paragraph 93.

94.     Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 94.

95.     Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 95.

96.     Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 96.

97.     Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 97.

98.     Defendant denies that the questions were vague and is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 98.

99.     Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 99.

100.    Defendant admits that Plaintiff submitted responses to the questions and is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 100.

101.    Defendant denies that Dr. Marino set her pay for performance for fiscal year 2016. Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff received notice of her pay for performance for FY 2016.   Defendant denies the remaining allegations of paragraph 101.

102.    Defendant denies the allegations in paragraph 102.

103.    Defendant denies the allegations in paragraph 103.

104.    Defendant denies the allegations in paragraph 104.

105.    Defendant denies the allegations in paragraph 105.

106.   Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 106.

107.   Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 107.

108.   Defendant admits the allegations in paragraph 108.

109.   Defendant admits the Chief of Staff's Office has OPPE's for the position of Chief of Pathology but is without knowledge or information sufficient to form a belief as to whether Vincent Glover "did two before he retired in November 2016," because this allegation is nonsensical.

110.   Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 110.

111.    Defendant denies the allegations in paragraph 111.

112.   Defendant admits the allegations in paragraph 112.

113.   Defendant admits the allegations in paragraph 113.

114.   Defendant admits Plaintiff was not the Chief of PLMS at the time Dr. Han sent the email.  Defendant denies the remaining allegations of paragraph 114.

115.   Defendant admits the allegations in paragraph 115.

116.   Defendant admits the allegations in paragraph 116.

117.   Defendant admits the allegations in paragraph 117.

118.   Defendant denies that the ORM letter states Plaintiff's actionable claims "established" an overall pattern of harassment.  Defendant denies that the events listed in the letter include a claim for Plaintiff's "removal."  Defendant admits the remaining allegations in paragraph 118.

119.    Defendant admits the allegations in paragraph 119.

120.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 120.

121.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 121.

122.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 122.

123.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 123.

124.    Defendant admits the allegations in paragraph 124.

125.    Defendant admits the allegations in paragraph 125.

126.    Defendant denies the allegations in paragraph 126.

127.    Defendant admits the allegations in paragraph 127.

128.    Defendant denies the allegations in paragraph 128.

129.    Defendant admits Plaintiff was not required to sign the memorandum requiring her presence for the AIB but denies this violated VA regulations.

130.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 130.

131.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 131.

132.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 132.

133.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 133.

134.    Defendant admits the allegations in paragraph 134.

135.    The statement in paragraph 135 is a statement regarding the law and does not require a response.

136.    Defendant denies the allegations in paragraph 136.

137.    Defendant denies the allegations in paragraph 137.

138.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 138.

139.    Defendant admits the allegations in paragraph 139.

140.    Defendant admits Plaintiff informed the AIB members of a doctor's appointment. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 140.

141.    Defendant denies the allegations in paragraph 141.

142.    Defendant admits the AIB members were not returning for testimony on Wednesday September 27, 2017, however Defendant denies that the AIB was supposed to last through Wednesday September 27, 2017.

143.    Defendant admits Plaintiff testified before the AIB, but Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 143.

144.    Defendant denies the allegations in paragraph 144.

145.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 145.

146.    Defendant denies the allegations in paragraph 146.

147.    In response to paragraph 147, Defendant admits there is a transcript of the AIB testimony and the transcript speaks for itself.   Defendant denies the remaining averments of paragraph 147.

148.    Defendant denies the allegations in paragraph 148.

149.    Defendant admits Plaintiff was asked questions, some of which were not provided in advance of her testimony and covered more than one year.   Defendant denies the remaining allegations of paragraph 149.

150.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 150.

151.    In response to paragraph 151, Defendant admits there is a transcript of the AIB testimony and the transcript speaks for itself.

152.    Defendant denies the allegations in paragraph 152.

153.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 153.

154.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 154.

155.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 155.

156.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 156.

157.    Defendant denies the allegations in paragraph 157.

158.   Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 158.

159.   Defendant admits the allegations in paragraph 159.

160.   Defendant admits the allegations in paragraph 160.

161.   Defendant admits the allegations in paragraph 161.

162.   In response to paragraph 162, Defendant admits there is a transcript of the AIB testimony and the transcript speaks for itself.

163.   Defendant admits the allegations in paragraph 163.

164.   Defendant admits the allegations in paragraph 164.

165.   Defendant admits the allegations in paragraph 165.

166.   Defendant denies the allegations in paragraph 166.

167.   In response to paragraph 167, Defendant admits there is a transcript of the AIB testimony and exhibits that speak for themselves.

168.   Defendant admits Ms. Rivera-Correa was called to testify for the AIB hearing; Defendant denies the remaining allegations of paragraph 168.

169.   Defendant denies the allegations in paragraph 169.

170.   Defendant denies the allegations in paragraph 170.

171.   Defendant denies the allegations in paragraph 171.

172.   Defendant denies the allegations in paragraph 172.

173.   Defendant denies the allegations in paragraph 173.

174.   Defendant denies the allegations in paragraph 174.

175.   Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 175.

176.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 176.

177.    Defendant denies the allegations in paragraph 177.

178.    Defendant admits the allegations in paragraph 178.

179.    Defendant admits the allegations in paragraph 179.

180.    Defendant admits the allegations in paragraph 180.

181.    Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff received notice of her rights from ORM.  Defendant admits that ORM sent a notice of rights letter to the Memphis VA.

182.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 182.

183.    Defendant admits the allegations in paragraph 183.

184.    Defendant admits the allegations in paragraph 184.

185.    Defendant admits the allegations in paragraph 185.

186.    Defendant admits the allegations in paragraph 186.

187.    Defendant admits Plaintiff did not receive performance pay for FY 2017. Defendant denies that plaintiff was entitled to performance pay for FY 2017.

188.    Defendant admits the allegations in paragraph 188.

189.    Defendant admits Plaintiff's Counsel inquired with VA Counsel whether Plaintiff could have counsel present for a meeting with Dr. Ferguson.   Defendant denies the remaining allegations in paragraph 189.

190.    Defendant denies the allegations in paragraph 190.

191.     Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 191.

192.     Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 192.

193.     Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 193.

194.     Defendant admits that a FAD dated April 23, 2018 was issued regarding Plaintiff's EEO Complaint No. 200I-0614-2017101635.   Defendant denies the remaining allegations in paragraph 194.

195.     Defendant admits Dr. Ferguson proposed Plaintiff's removal.  Defendant denies the remaining allegations in paragraph 195.

196.     Defendant denies the allegations in paragraph 196.

197.     In response to paragraph 197, Defendant admits there is a transcript of the AIB testimony and the transcript speaks for itself.

198.     Defendant admits Plaintiff submitted written documents to Director Dunning expressing her opposition to her proposed removal.

199.     Defendant admits the allegations in paragraph 199.

200.     Defendant admits the allegations in paragraph 200.

201.     Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 201.

202.     Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 202.

203.     Defendant denies the allegations in paragraph 203.

204.    Defendant admits the allegations in paragraph 204.

205.    Defendant admits the allegations in paragraph 205.

206.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 206.

207.    Defendant is without knowledge or information sufficient to form a belief as to the allegations of paragraph 207.

208.    Defendant admits Plaintiff initiated contact with ORM on March 30, 2018 alleging reprisal, disability discrimination, and removal.  Defendant denies the remaining allegations of paragraph 208.

209.    Defendant admits Plaintiff's retirement paperwork was submitted on March 16, 2018 and denies the remaining allegations of paragraph 209.

210.    Defendant admits the allegations in paragraph 210.

211.    Defendant denies the allegations in paragraph 211.

212.    Defendant admits there was a performance pay form signed twice by Dr. Pearlman in December of 2017 and recommending $7,500 in pay that was approved by Dr. Ferguson on January 5, 2018.  Defendant denies the remaining allegations in paragraph 212.

213.    Defendant denies the allegations in paragraph 213.

214.    Defendant admits the allegations in paragraph 214.

215.    Defendant admits that as of the date the Complaint was filed, 180 days had not passed since the filing of her formal complaint for EEO Case No. 200I-0614-2018103373. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 215.

216.    Defendant denies the allegations in paragraph 216.

17

217.    Paragraph 217 does not require a response.

218.    Defendant denies the allegations in paragraph 218.

219.    Defendant denies the allegations in paragraph 219.

220.    Defendant denies the allegations in paragraph 220.

221.    Defendant denies the allegations in paragraph 221.

222.    Defendant denies the allegations in paragraph 222.

223.    Defendant denies the allegations in paragraph 223.

224.    Defendant denies the allegations in paragraph 224.

225.    Defendant denies the allegations in paragraph 225.

226.    Defendant denies the allegations in paragraph 226.

## REQUEST FOR RELIEF

Defendant denies that Plaintiff is entitled to the requested relief or any relief in this action.

## AFFIRMATIVE DEFENSES

1.  Plaintiff fails to state a claim upon which relief may be granted.

2.  Plaintiff has failed to administratively exhaust certain claims.

3.  Some of Plaintiff's claims are barred by the applicable statute of limitations.

4.  Upon information and belief, Plaintiff has failed to mitigate her damages.

5.  Defendant's actions were based on legitimate factors, and were not based on discriminatory, retaliatory, or other unlawful motives.

6.  This action or any relief sought by Plaintiff is barred in whole or in part, because the Defendant may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not been completed.

Accordingly, Defendant reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed in its entirety and the Defendant be granted such other and further relief as is deemed just and proper.

Respectfully submitted,

D. MICHAEL DUNAVANT
United States Attorney

By:     /s/Monica M. Simmons-Jones
        MONICA M. SIMMONS-JONES (#18892)
        Assistant United States Attorney
        167 North Main Street, Suite 800
        Memphis, TN 38103
        (901) 544-4231
        (901) 544-4230 FAX
        monica.simmons@usdoj.gov

        s/ Stuart J. Canale
        STUART J. CANALE (012950)
        Assistant United States Attorney
        167 North Main Street, Suite 800
        Memphis, Tennessee 38103
        (901) 544-4231
        (901) 544-4320
        stuart.canale@usdoj.gov

Of Counsel:

Keta J. Barnes, Esq.
U.S. Department of Veterans Affairs
Office of General Counsel, Southeast District
3322 West End. Ave., Suite 509
Nashville, TN 37203


## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was filed electronically and a copy was served via the Court's electronic filing system this 19th day of October 2018 upon:

Kristy L. Bennett
Tressa V. Johnson
Attorneys for the Plaintiff
Johnson & Bennett PLLC
1331 Union Ave., Ste 1226
Memphis, Tennessee 38104