**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**CLARA FINCH CRUZ, M.D.**                                                      **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO.: 2:18-cv-02483-JPM-tmp**

**ROBERT WILKIE, SECRETARY,**
**U.S. DEPARTMENT OF VETERANS AFFAIRS**                          **DEFENDANT**

**PLAINTIFF'S MOTION TO COMPEL SERVICE OF DEFENDANT'S**
**ELECTRONICALLY STORED INFORMATION and**
**REQUEST FOR STATUS CONFERENCE REGARDING PLAINTIFF'S MOTION TO**
**COMPEL SERVICE OF E-COMMUNICATIONS**

Comes now, Clara Finch Cruz, M.D., by undersigned counsel, pursuant to Federal Rules of Civil Procedure 37(a)(3)(A), 26(a)(1)(ii), and 26(b)(2)(B), and submits this Motion, asking the Court to compel the government to comply with the Standard Track Scheduling Order that was issued by this Honorable Court on October 26, 2018, [Doc. 25] regarding the Defendant's electronically stored information (ESI) and E-communications. Plaintiff requests such other relief as the Court deems appropriate, including granting an in-person status conference to address the dispute regarding electronically stored information that was discussed during the October 26, 2019, Scheduling Conference. To date, the Defendant, U.S. Department of Veterans Affairs, has only produced printed emails that were "readily available" to Defendant and which were already in the possession of the Plaintiff as said printed emails were produced during underlying investigations related to this matter. Because of the nature of the instant Motion, Plaintiff requests to be relieved from filing an accompanying memorandum of law as required by local rules. Plaintiff states as follows:

1

1. On October 5, 2018, Dr. Finch Cruz' Attorney, Kristy L. Bennett (Bennett), sent an electronic mail (email) to U.S. Attorney Monica Simmons (Simmons) with drafts of the Rule 26(f) Report and the proposed Scheduling Order. Ms. Bennett stated that she had an "extensive amount of documents from this case and from the termination, including what is in the 2017 EEO investigative file (which omitted Dr. Ferguson's sworn interrogatory, for some reason, and we cannot find anyone who can put it in the investigative file but we do have it) and the report from the AIB and all transcripts related to the matter. We use drop box for most production of documents. If you would like to avoid duplication of any documents, please let us know." (Exhibit A. Bennett to Simmons October 5, 2019)

2. On October 17, 2018, Attorney Bennett, Attorney Tressa V. Johnson (Johnson) and Johnson & Bennett, PLLC Paralegal, Nikita Flowers, provided the necessary information to Simmons to obtain access to the file sharing program required by the United States Government for electronic file sharing.

3. On October 18, 2018, Bennett sent an email to Simmons stating that it appears that "everything appears to be okay with the [R 26(f) Report and proposed CMO] I forwarded to you." After discussing the 2018 EEO FAD, Bennett stated in closing, "We'll be sending everything we have, regardless, as the AIB is part of both the 2017 EEO and 2018 EEO." (Exhibit B. Bennett to Simmons October 17, 2018 email)

4. On October 26, 2018 the parties were present for a scheduling conference with the Court. [Doc. 23].

5. The Scheduling Conference for this case lasted an hour and a half to allow the Court and the Parties to discuss the case facts, damages, the items set forth in the Court's Order Regarding Rule

   16(b) Scheduling Conference and Rule 26(a)1 Initial Disclosures [Doc. 22], and the electronically stored information within the Parties custody relevant to this case.

6. During the conference [Doc. 23], the Court ordered the Plaintiff to provide a copy of her computer hard drive and all emails kept by Plaintiff. Plaintiff contends that the Defendant was to provide ESI that included, but is not limited to, email communications involving the Plaintiff and the decisions makers involved in her case, Plaintiff's disability, Plaintiff's EEO claims, responsible management officials' communications with the members of the AIB and witnesses involved in the AIB, communications involving the AIB to or from administrative support staff, as well as the documents Plaintiff lost as a result of being shut out of the VA system on March 8th, 2018, which kept her from accessing materials relevant to her employment through her termination date of March 16, 2018, as well as documents relevant to the present action.

7. The Court also ruled that Plaintiff could amend her Complaint to include her termination when the Final Agency Decision on her 2018 EEO complaint was received.

8. On October 26, 2018, this Honorable Court ordered the Parties to turn over all related e-communications by November 9, 2018, per the Scheduling Order [Doc. 25].

9. On November 9, 2018, Plaintiff produced to the Defendant Initial Disclosures including 14,864 files comprised of documents and Dr. Finch Cruz' hard drive, which were put in the shared folder with the U.S. Attorney's office. [Doc. 26- Notice of Service of Initial Disclosures]

10. On November 9, 2018, Simmons emailed Plaintiff a copy of Defendant's Initial Disclosures which identified Defendant's documents, therein, which were contemporaneously shared via USAfx. In her email, Simmons stated, "if you have any questions, please do not hesitate to contact me or Viora Gross directly." (Exhibit C. Simmons to Johnson and Bennett November 9, 2018 at 1:59 PM)

11. On November 16, 2018, Plaintiff supplemented her electronically stored information by uploading her private emails via USAfx File Exchange and filing a notice of said supplementation. [Doc. 28-Notice of Service of Plaintiff's Supplement to Her Electronically Stored Information].

12. On November 29, 2018, Bennett sent an email to Simmons stating, "we have not seen any production of ESI materials from the government. Do you know when we might anticipate receiving the information? Do we need to assist by requesting specific terms? Please let us know the status so we can assess our next steps." (Exhibit D. Bennett to Simmons Nov. 29, 2018 email at 12:13 PM)

13. On November 29, 2018, Simmons replied to Bennett's email stating that "all the defendant's ESI materials (emails) were disclosed with the Initial Disclosures. See the emails included in the Report of Investigation, Administrative Complaint File, and the pdf file titled 'Brown-Ferguson Email on FC Schedule 1.18.17.' I did not prepare a separate disclosure for the ESI materials since we did not have anything new to disclose." (Exhibit E. Simmons to Bennett Nov 29, 2018 email 12:31 PM)

14. On November 30, 2018, Attorney Bennett emailed U.S. Attorney Simmons about E-communications that were not produced. Ms. Bennett stated, "Judge McCalla specifically mentioned emails between Ferguson and Dunning, or Ferguson and Pearlman, or Lora Kirk to/from any of these individuals that discussed Dr. Finch Cruz. Also, there was discussion regarding the fact that Dr. Ferguson cut off Dr. Finch Cruz' electronic access to her files, emails, and other saved documents and reports on or about March 8, 2018, when she was still employed. Judge McCalla indicated that the government IT people would be able to pull these records and emails for Dr. Finch Cruz to be able to have access to items that pertain to the claims in this case. Since your client is citing to performance issues since my client started at VMAC Memphis in

2013, ESI was to also include items that far back. Since a lit hold had been in place for some time, Judge McCalla felt that the 2 weeks to produce these items was sufficient. He specifically said that a check should also be made with VA general counsel who may have touched this matter."

15. In the same November 30, 2018, email, Bennett stated:

> We produced a copy of Dr. Finch Cruz' hard drive, as Judge McCalla instructed, as well as supplemented with her personal emails going back years.
> As you know, Judge McCalla also felt a chronology of events would be good for this case, but because your client went back to Dr. Finch Cruz' start date, we cannot put together an accurate chronology if we do not have all of the electronically stored information that your client possesses. He also asked for surgery dates and some of those days would be reflected in prior communications when Dr. Marino was still present.
>
> Judge McCalla also mentioned providing any communications (emails and/or written notes/letters) regarding Dr. Finch Cruz to/from Dr. Ferguson, Lora Kirk, AIB members, all witnesses who provided testimony in the AIB, and how the times and schedules were set up and by whom. People were communicating about this case, whether through a fact finding, delays with credentialing, accommodation requests, changes in SOP, the AIB, and ultimately, Dr. Finch Cruz' termination. We need those.
>
> Finally, on a different note, there appear to be documents missing from Dr. Finch Cruz' personnel file that was produced with your initial disclosures. We can provide a list of what we believe to be missing, but wanted you to know that the Memphis portion of the file is not complete.

   (Exhibit F. Bennett to Simmons Nov 30, 2018 at 1:57 PM)

16. On December 10, 2018, Simmons replied to Ms. Bennett's email. U.S. Attorney Simmons stated, "In reply to your November 30 email, the United States is working with the VA to obtain many of the documents/emails that you have requested. We provided the documents/emails that were readily available at the time the initial disclosures were due. Judge McCalla's belief that many of the documents/emails that he mentioned could be ready within 2 weeks of the telephonic

conference was highly mistaken. The defendant is currently working to obtain the emails between the major fact witnesses (Cruz, Ferguson, Dunning, Pearlman, and Kirk). In light of your email, we have tailored our search for the documents/emails that you have requested. In light of the holidays and limited staff, the defendant has advised me that some of the documents/emails can be produced by January 2019. However, a Clearwell search by the VA IT Department will take more time." (Exhibit G. December 10, 2018 at 11:13 AM)

17. On December 22, 2018, the United States Federal Government shutdown at midnight EST and remained closed until January 25, 2019.

18. On December 28, 2018, Chief Judge Thomas Anderson entered an Order Granting Motion which ordered that "all civil cases in which the United States Attorney is counsel of record will be stayed until such time that Congress has restored appropriations to that Office." [Misc. Case No. 2:mc-00051-STA; Doc. 2]

19. On January 28, 2019, Chief Judge Thomas Anderson entered an Order lifting the previously imposed stay on matters being handled by the United States Attorney's Office and further stating, "all current deadlines in civil cases affected by the previous Order shall be extended for a period of time commensurate with the duration of the stay, 35 days." [Misc. Case No. 2:mc-00051-STA; Doc. 15]

20. On February 20, 2019, Attorney Bennett emailed U.S. Attorney Simmons requesting an update on the "emails, documents or other stored records relating to Dr. Finch Cruz and her tenure while at the VMAC Memphis." (Exhibit H. Feb 20, 2019 Bennett to Simmons Email)

21. On February 22, 2019, U.S. Attorney Simmons emailed Attorney Bennett stating, "as to the e-discovery, the Agency has informed me that they searched the emails of the plaintiff, Ferguson, Pearlman, Dunning, Kirk, and Marion and narrowed the field of documents to 317,697. When

you include the attachments to those documents, there are 532,320 items. Then using a timeframe from 1/1/2015 to 4/1/2018 and the search terms [Finch Cruz + path and lab], the documents narrows down to 80,000 documents. Because the Agency has to review every single email and attachment to redact patients' information before production in discovery, this task would be too burdensome. At this juncture, we ask that you provide search terms to narrow down the number of items keeping in mind that limiting the timeframe and or email participants will be less burdensome." (Exhibit I. Feb 22, 2019 email Simmons to Bennett 12:19 PM)

22. On February 22, 2019, Bennett emailed Simmons stating, "We will look at some searches to limit the production, but it is difficult in this case because the AIB went back over Dr. Finch Cruz' tenure with VAMC Memphis. The findings challenge Dr. Finch Cruz' candor in relation to a couple of items that require different documentation than some of the claims of discrimination and reprisal. It is my understanding that the VA contends that the legitimate non-discriminatory reason for Dr. Finch Cruz' discharge is supported by the AIB and its report, which covers a wide variety of issues. We'll need the documents necessary to ascertain Dr. Finch Cruz' rebuttal to the legitimate reason." (Exhibit J. Feb 22, 2019 Bennett to Simmons 2:05 PM)

23. On February 22, 2019, Dr. Finch Cruz filed her Amended Complaint to include the claims brought in her 2018 EEO complaint, including discrimination and reprisal related to her termination as well other issues [Doc. 30].

24. On February 28, 2019, Bennett emailed Simmons stating "We have discussed the production of electronically stored information and believe that 80,000 documents is not overly burdensome considering that Dr. Finch Cruz was terminated over issues that purportedly dated back to the time she was hired at VAMC Memphis. In fact, over 1000 pages were provided to Dr. Finch Cruz as alleged justification of her discharge. Judge McCalla ordered that ESI be produced by November

9, 2018. We have provided search terms that narrowed down your search from over 300,000 documents to 80,000. The allegations against Dr. Finch Cruz include how she handled the service and that includes patient information. If we need to enter into a protective order in order to ensure protection of confidential patient information, we are happy to do so. If you are unable to provide the ESI, we will move forward with a Motion to Compel as we are approaching the discovery deadline in a few months and we need to review the documents, which was why Judge McCalla ordered the early production." (Exhibit K. Bennett to Simmons Email Feb 28, 2019 11:20 AM)

25. On February 28, 2019, Simmons emailed Bennett stating "Yes, I am agreeable we should enter a protective order. I will draft a motion and proposed order for your review on or before tomorrow. However, I have no recall of the plaintiff providing any search terms to the defendant. Please resubmit your search terms and I will forward them to the VA today." (Exhibit L. Simmons to Bennett Feb 28, 2019 at 11:30 PM)

26. On February 28, 2019, Attorney Johnson emailed Simmons stating, "Please see Kristy's November 30, 2018 email below which outlines what J. McCalla ordered to be produced at the CMC. Documents were supposed to be produced on November 9, 2018. Discovery ends July 5, 2019, we need the documents going back to 2013 when Dr. Finch Cruz started her tenure with Memphis VAMC. Do we need to draft a motion to reset the trial date?" (Exhibit M. Johnson to Simmons Email Feb 28, 2019 at 12:00 PM)

27. On February 28, 2019, Simmons replied to Johnson, "I will review the Nov. 30, 2008 {sic} email. Yes, I agree that we should request a new trial date. May I suggest also asking for more time on discovery – time for production and time for your review." (Exhibit N. Simmons to Johnson, Feb. 28, 2019 at 12:17 PM)

28. On March 1, 2019, Simmons emailed Johnson, "Please find attached a draft of a joint motion for a protective order. This is only a draft because I am still working with my client-agency about the coverage of the protective order. The Agency is very concern about the disclosure of patient records. The VA has internal controls regarding disclosure of patient records that I am trying to work through so that we can disclose the requested ESI. Please allow me a few days to work through these issue {sic} with the Agency." (Exhibit O. Simmons to Johnson March 1, 2019 at 4:08PM)

29. On March 4, 2019, Johnson emailed Simmons stating "The protective order looks good. Are you also drafting the Motion Extend Deadlines and reset the trial date? We are agreeable to extending the discovery deadlines." (Exhibit P. Johnson to Simmons March 4, 2019 at 1:14 PM)

30. On March 4, 2019, Simmons emailed Johnson stating "No, I have not drafted a motion for extension or reset of trial date. I can do so, but, it will take me a couple days. I have another matter that I am working on right now." (Exhibit Q. Simmons to Johnson March 4, 2019 at 1:28PM)

31. On March 4, 2019, Johnson emailed Simmons stating "That timeframe is fine. However, if something changes on your end, please let us know." (Exhibit R. Johnson to Simmons Email March 4, 2019 1:44 PM)

32. On March 5, 2019, Simmons emailed Johnson regarding the "E-Discovery Issue". Simmons relayed the following as to the production of ESI in this matter:

> The United States will not be able to enter into the protective order regarding VA patients' records. The VA has regulations that must be followed and will not allow the VA to disclose patient records unless there is a special order to release and there is evidence that the judge has made a particularized analysis of the need to disclose specialized medical information (such as HIV diagnosis, alcoholism, sickle cell anemia, etc.). The Judge would have to weigh certain factors relative to each patient impacted. Such an order cannot be obtained without an advance review of

every document that would be applicable prior to release. See 38 U.S.C. 7332. Even if the parties obtained such an order, VA must still review every document before release to prevent disclosure of attorney-client privileged information and information protected by 38 U.S.C. 5705 (quality assurance documents).

I will modify the proposed motion for a protective order and send it to you for review tomorrow.

Here's where we are in e-discovery. The VA searched the emails of the Plaintiff, Thomas Ferguson, Eugene Pearlman, David Dunning, Lora Kirk, and Christopher Marino; using a timeframe from 1/1/2015 to 4/1/2018; and the terms Finch Cruz + path and lab OR PL&S or PLS. The search produced 80,000 emails that cannot be disclosed without review and redaction. The VA simply does not have the resources to do such a task in a short period time. It is estimated that it would take over a year to review all the emails and attachments to the emails. I recommend that the next of course of action for the parties is to rely on the guidance of Federal Civil Rules of Procedure Rule 26 and Local Rule 26.1 (e).

L.R. 26(e)(5) Search methodology. If the responding party intends to use an electronic search to locate responsive electronically stored information, the parties shall notify all other parties and disclose proposed search terms and any restrictions as to scope and method. The parties shall confer in good faith in an attempt to reach an agreement as to the method of searching, and the words, terms, and phrases to be searched. The parties shall also attempt to reach an agreement as to the timing and conditions of <u>any additional searches</u> that may become necessary in the normal course of discovery. (emphasis added by Defendant)

While I appreciated the Plaintiff's November 30, 2018 email, the email did not contain sufficient search terms. The email mostly contained general categories and topics that the Plaintiff wanted the Defendant to search. However, the VA needs actual and definite search words, terms, and phrase to be searched. My position is that the Defendant has already provided all the readily available documents/emails in compliance with the Scheduling Order on November 30, 2018 and Rule 26(a)(1) initial disclosures. Since the Plaintiff wants documents beyond the initial disclosures, please send me a request for production pursuant to Rule 34. Let us meet and confer, obtain agreeable search terms, run the search and see how many documents the search yields. Hopefully, the search will yield a smaller number of documents that can be reviewed and redacted within the 30 days required under Rule 34. In the meanwhile, I think we should wait before filing a motion for an extension of time on discovery. Currently, the discovery deadline is July 5, 2019.

> I think we all would be in a better position to know how much additional discovery time is needed once the Defendant has ran {sic} your search terms (which can be done in a day or two) and we know the number of documents that need to be reviewed and redacted."

(Exhibit S. Simmons to Johnson Email March 5, 2019 at 4:22PM)

33. On March 6, 2019, Simmons emailed Bennett and Johnson stating "Please see attached a draft motion for a protective order and a proposed order for your review. After your review, please advise if I may submit the motion and order to the Court for entry." (Exhibit T. Simmons to J& B Email March 6, 2019.)

34. On March 6, 2019, Johnson emailed Simmons stating "We think a motion to compel may be necessary in order to allow the Judge to access the proportionality issues in this matter. We will review the protective order, but I do not know how this will help the case." (Exhibit U. Johnson to Simmons March 6, 2019 3:20 PM)

35. On March 8, 2019, Johnson emailed Simmons stating "Are you available to discuss the ESI, Protective Order, and Scheduling Order issues? I would like us to get on the phone no later than Monday." (Exhibit V. Johnson to Simmons March 8, 2019 at 11:35AM)

36. On March 8, 2019, Simmons emailed Johnson:

> I will be available to discuss the ESI, Protective Order, and Scheduling Order issues on Monday, March 18 afternoon. Let's set a time for around 1:30 p.m.  Here's where I believe we are on the issues.  We seem to have a difference of opinion on what was ordered by the court in the scheduling order.  My understanding was that the parties were required to submit initial disclosures including related e-communications, i.e., emails by November 9, 2018.  On November 9, I sent you all the defendant's ESI materials that were readily available and in support of our defenses pursuant to Rule 26(a)(1) and in compliance the Scheduling Order.  As we discussed during our Rule 26(f) discovery planning meeting and as reflected in the Scheduling Order, other than potential e-mails and text message communications, the parties did not anticipate any discovery regarding ESI in this litigation. The scheduling order further stated that the parties were not aware of any discoverable ESI that is not reasonably accessible at this time.  Logically, I assumed that the plaintiff would send the defendant a request for production of documents for those

11

> emails beyond the scope of Rule 26(a)(1).  Although the plaintiff did not send us a request for production of documents along with search terms pursuant to Rule 34, you all advised me in the November 30, 2018 email that the plaintiff wanted to discover more emails than what was initially provided.  Based on your email, the defendant on our own initiative started searching its database for emails involving the plaintiff and a list of potential witnesses.  The search yielded too many documents to review and redact in a timely manner. The search produced approximately 532,000 documents. We then attempted to narrow the search by adding the terms Finch Cruz +path and lab. These were terms we came up with. On February 22, I advised Kristy that this search still produced too large of a field of documents and requested search terms from the plaintiff.  As of date, plaintiff still has not provided search terms.  Your November 30 email was insufficient and did not clearly provide search terms, words, and phrases as required by the local rules. Moreover, the plaintiff did not send a request for production of documents under Rule 34.  As I have asserted from the beginning, we believe the defendant has complied with the Scheduling Order.
>
> On Monday, I would like to discuss the plaintiff making a formal request for production of documents pursuant to Rule 34.  Then, in accordance with the Federal Rules and Local Rules, we can meet and confer, possibly among with our respective IT personnel, to come up with search terms that can reduce the number of documents to a workable amount.  It is very possible with the aid of your search terms, the number of documents can be narrowed and limit the number of documents with patients' records.
>
> Rule 37 requires a request for production of documents before you can file a motion to compel.  We have already agreed to request an extension of time on discovery. Please provide the defendant with search terms, words, and phrases.  With your input, we can hopefully eliminate the disclosures issues we have with patient records and find a number that is workable for review and redaction.
>
> I am sure we can work these issues out in amiably manner and I look forward to talking on Monday.

(Exhibit W. Simmons to Johnson March 8, 2019 at 4:35 PM)

37. On March 11, 2019, Johnson emailed Simmons stating she would call Simmons at 1:30 PM.

    (Exhibit X. Johnson to Simmons email March 11, 2019 at 10:29 AM)

38. On March 11, 2019 at 1:30 PM, Simmons, Johnson and Bennett had a conference call to discuss issues with ESI production. There was no resolution to the Parties' discovery issues. Plaintiff's

counsel indicated that Plaintiff would move forward with a Motion to Compel and for a Status Conference in order to address the dispute. Plaintiff would also circulate a Motion to Amend Scheduling Order to obtain a new trial date and new deadlines to accommodate the delays regarding the dispute.

39. The Plaintiff's have satisfied their duty to confer with the Defendant prior to filing a Motion to Compel pursuant to LR 7.2(a)(1)(B).

40. The Federal Rules of Civil Procedure anticipate the need for ESI. "Parties shall discuss the parameters of their anticipated e-discovery at the Fed.R.Civ.P. 26(f) conference, as well as the Rule 16 scheduling conference with the Court…" LR 26.1(e)(2).

41. The Parties complied with the Federal Rules of Civil Procedure and the Local Rules of the Western District of Tennessee when the issue of ESI and E-communications were discussed prior to and at the Scheduling Conference [Doc. 23, 25].

42. The Plaintiff has produced over 14,000 files to Defendant, including a copy of Plaintiff's hard drive and electronic communications from her personal email account, in accordance to the Scheduling Order which contains a line item to "Turn Over All Related E-Communications: November 9, 2018." [Doc. 25]

43. The Defendant has stated that their "search produced 80,000 emails that cannot be disclosed without review and redaction."

44. Counsel for the Parties spoke by telephone on Monday, March 11, 2018. During the call, the Parties agreed that a status conference is necessary for the resolution of the ongoing dispute over ESI and E-Communications.

45. The Defendant's search did not go back to 2013 but only went back to 2015.  The Plaintiff wants the Defendant to rerun the search terms to back to 2013 based on the AIB going back to the time Plaintiff's tenure began at VMAC Memphis.

46. The Plaintiff indicated that at a minimum, Defendant should produce the 80,000 emails it contends are as a result of its narrowed down search, plus all emails going back to 2013.

47. Following the telephone call, Simmons emailed Johnson and Bennett to memorialize the discussion.  Simmons indicated that the Defendant agrees that the deadlines need to be extended, but does know the length of time needed for the Defendant to produce its electronic communications and documents related to its defense in this matter. Defendant believes it has complied with the Scheduling Order [Doc. 25] by producing the documents it provided with its initial disclosures.  Defendant disagrees with Plaintiff's position that the communications Plaintiff requested are due as part of its disclosures and believes that Plaintiff should request information pursuant to FRCP 34. The Parties agree that there is an issue regarding proportionality and that the Court's intervention is necessary to resolve this discovery dispute. (Exhibit Y. Email March 11, 2019 at 4:02 PM)

48. Johnson replied to Simmons' email to clarify some of the statements made by Simmons in her March 11, 2019, memorialization of the telephone conversation, including clarifying that production of the 80,000 documents would be a good faith start to complying with Defendant's duty to produce the emails and documents as part of its FRCP 26(a) disclosures and in compliance with the Scheduling Order.  Johnson confirmed that Plaintiff would draft and file the instant Motion to Compel Service of ESI and Request for Status Conference, as well as a Motion to Extend Deadlines and Reset Trial Date.  (Ex. Z. Email from Johnson to Simmons March 11, 2019 at 5:24 PM)

THIS the 12th day of March, 2019.

                                        Respectfully submitted,

                                        Clara Finch Cruz

                                        /s/ Tressa V. Johnson_____
                                        Kristy L. Bennett BPR #30016
                                        Tressa V. Johnson BPR #26401
                                        JOHNSON AND BENNETT, PLLC
                                        1331 Union Avenue, Suite 1226
                                        Memphis, TN 38104
                                        (901) 402-6515 (direct)
                                        (901) 462-8629 (fax)
                                        tressa@myjbfirm.com


## **CERTIFICATE OF CONSULTATION**

The undersigned, as counsel for the Plaintiff, hereby certifies that consultation has been had between counsel for the parties regarding the filing of the Plaintiff's *Motion to Compel Service of Defendant's Electronically Stored Information and Request for Status Conference.* The Defendant, through counsel Monica Simmons-Jones, believes the Defendant has complied with the required disclosures sought to be compelled, but is agreeable to a status conference to discuss issues regarding proportionality.

                                                                                   /s/ Tressa V. Johnson
                                                                                   Tressa V. Johnson

## **CERTIFICATE OF SERVICE**

  I, Tressa V. Johnson, one of the attorneys for the Plaintiff, do hereby certify that I have this day served via ECF filing, email, or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to the following counsel of record:

Monica M. Simmons-Jones
United States Attorney's Office
167 North Main Street, Suite 800
Memphis, TN 38103
monica.simmons@usdoj.gov

  THIS the 12th day of March, 2019.

                /s/ Tressa V. Johnson
                Tressa V. Johnson